**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUTE GUIDANCE SYSTEMS LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Route Guidance Systems LLC ("RGS" or "Plaintiff"), for its Complaint against Uber Technologies, Inc., (referred to herein as "Uber" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1.　　This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.　　Plaintiff RGS is a limited liability company/corporation organized under the laws of the State of Delaware with a place of business at 3107 Boardwalk, Atlantic City, NJ 08401.

3.　　Upon information and belief, Uber is a corporation organized under the laws of Delaware with a place of business at 1455 Market Street, 4th floor, San Francisco, CA 94103, and can be served through its registered agent for service in Delaware, National Registered Agents, Inc., 160 Greentree Drive, Ste. 101, Dover, DE 19904. Upon information and belief, Uber sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream

of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.  This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.  Venue is proper in this judicial district under 28 U.S.C. § 1400(b).  On information and belief, Uber is incorporated in the State of Delaware.

7.  This Court has personal jurisdiction over Uber under the laws of the State of Delaware, due at least to its substantial business in Delaware and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Delaware.  Further, this Court has personal jurisdiction and proper authority to exercise venue over Uber because it is incorporated in Delaware and by doing so has purposely availed itself of the privileges and benefits of the laws of the States of Delaware.

## BACKGROUND

### The Inventions

8.  David Kenneth Martell and Jeffrey Solomon are the inventors of U.S. Patent No. 6,917,876 (the "'876 patent" or "patent in suit").

9.  A true and correct copy of the '876 patent is attached as Exhibit A.

10. The '876 patent resulted from the pioneering efforts of Mr. Martell and Mr. Solomon (hereinafter "the Inventors") in the area of route guidance for vehicles.  These efforts resulted in the development of methods and apparatuses for calculating and providing route

guidance to a vehicle, with reduced installation and running costs. At the time of these pioneering efforts, most commercially available route guidance technology required a transmission channel between a central computer and the vehicle to remain open and required the driver to communicate with the central computer by way of a key pad. The Inventors conceived of the inventions claimed in the '876 patent in suit as a way to reduce installation and running costs by requiring minimal equipment in the vehicle and by turning off the channel of communication between the central computer and the in-vehicle device unless necessary and for a very short time period. (*See* '876 patent at 2:21-34; 4:53-60.)

11. For example, the Inventors developed methods and systems to calculate route guidance data and provide a route for the vehicle to the desired destination, supply the vehicle with the route guidance data over a channel of communication open for a short burst and then closed, until a need for further transmission arises, receive the route guidance data from the central computer, and present instructions to the vehicle as to the route to be taken to the destination. (*See* '876 patent cl. 1.)

**Advantage Over the Prior Art**

12. The patented inventions disclosed in the '876 patent provide many advantages over the prior art, and in particular improved the operations of route guidance systems. (*See* '876 patent at 1:40-47.) One advantage of the patented inventions is that the transmission channel between the central computer and the vehicle need not be kept permanently open, thereby reducing running costs of the system. (*See* '876 patent at 2:21-23; 4:57-60.)

13. Another advantage of the patented inventions is that drivers can be informed as to the best routes for their vehicles to take to their respective destinations, in such manner that traffic congestion pertinent to the routes is taken in to account. (*See* '876 patent at 1:36-39.)

14. Because of these significant advantages that can be achieved through the use of the patented inventions, RGS believes that the '876 patent presents significant commercial value for companies like Uber. Indeed, centralized route guidance for vehicles is more commonplace than ever, particularly with the number of passengers and drivers on app-based ride platforms such as Uber. Therefore, even incremental improvements in complexity and cost of route guidance technology may significantly improve scalability and ease of use of the Uber platform. These advantages are taught by the inventions of the '876 patent.

**Technological Innovation**

15. The patented inventions disclosed in the '876 patent resolve technical problems related to a route guidance system and method for vehicles. For example, the inventions allow respective vehicles on a road network to be supplied with route guidance data calculated by a central computing apparatus, and to be provided and presented with advantageous routes for the respective vehicles to take to the respective desired destinations. Further, the claimed inventions provide the calculated route guidance data to each vehicle over a transmission channel that is open only for a short burst and then closed, unless and until a further transmission is required. As the '876 patent explains, one of the limitations of the prior art as regards route guidance technology was that the transmission channel between the central computer and each vehicle had to be kept permanently open. (*See, e.g.*, '876 patent at 2:21-23.)

16. The claims of the '876 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '876 patent recite one or more inventive concepts that are rooted in computerized route guidance technology, and overcome problems specifically arising in the realm of computerized route guidance technologies.

17. Moreover, the claims of the '876 patent recite inventive concepts that are not merely routine or conventional use of route guidance systems and methods. Instead, the patented inventions disclosed in the '876 patent provide a new and novel solution to specific problems related to automating the process of calculating an optimal route on a road network and providing the route guidance data to the vehicle while minimizing the required network connectivity, thereby reducing overall cost and complexity. For instance, the '876 patent teaches that "in respect of each vehicle, said transmitting apparatus provides a channel of communication which is opened to transmit said route guidance data to the vehicle in a short burst and is then closed, so that transmission to the vehicle via said channel ceases, unless and until a need for further transmission via said channel to said vehicle arises." ('876 patent at 1:64-2:2.) The claims of the '876 patent thus specify how route guidance data and available network bandwidth are manipulated to yield a desired result.

18. And finally, the patented inventions disclosed in the '876 patent do not preempt all the ways of using computerized route guidance systems and methods, nor preempt the use of all computerized route guidance systems and methods, nor preempt any other well-known or prior art technology. Accordingly, the claims in the '876 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,917,876

19. The allegations set forth in the foregoing paragraphs 1 through 18 are incorporated into this First Claim for Relief.

20. On July 12, 2005, the '876 patent, entitled "Route Guidance for Vehicles," was duly and legally issued by the United States Patent and Trademark Office.

21. RGS is the assignee and owner of the right, title and interest in and to the '876 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

22. Upon information and belief, Uber has and continues to directly infringe at least claims 1 and 26 of the '876 patent by making, using, providing, and/or causing to be used products, systems and/or software solutions, which by way of example include, but are not limited to, the Uber Driver Application as well as the related computer systems operated by Uber that work in conjunction with the Uber Driver Application (the "Accused Instrumentalities"), as set forth in detail in the attached preliminary and exemplary claim charts provided in Exhibit A-1.

23. Uber was made aware of the '876 patent and its infringement thereof at least as early as the filing of this Complaint.

24. Upon information and belief, since at least the time of receiving this Complaint, Uber has induced and continues to induce others to infringe at least claims 1 and 26 of the '876 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Uber's partners, drivers, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1 and 26 of the '876 patent.

25. In particular, Uber's actions that aid and abet others such as their partners, drivers, clients, customers/subscribers, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities. On information and belief, Uber has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Uber

has had actual knowledge of the '876 patent and that its acts were inducing infringement of the '876 patent since at least the time of receiving this Complaint.

26. Upon information and belief, Uber is liable as a contributory infringer of the '876 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States products, systems and/or software solutions to be especially made or adapted for use in an infringement of the '876 patent. The Accused Instrumentalities are material components for use in practicing the '876 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

27. On information and belief, Uber's infringement has been and continues to be willful since at least the time of receiving this Complaint.

28. RGS has been harmed by Uber's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RGS demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RGS demands judgment for itself and against Uber as follows:

A. An adjudication that Uber has infringed the '876 patent;

B. An award of damages to be paid by Uber adequate to compensate RGS for Uber's past infringement of the '876 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of RGS's reasonable attorneys' fees; and

D.	An award to RGS of such further relief at law or in equity as the Court deems just and proper.

Dated: March 22, 2019					DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com

*Attorneys for Plaintiff*
*Route Guidance Systems LLC*